THREADGILL, Judge.
The State of Florida appeals a nonfinal order dismissing an information[1] charging the appellee Craig Scherer with obtaining property by felony worthless check, a violation of section 832.05(4)(a) and (c), Florida Statutes (1991). The trial court found as a matter of law that an insurance policy did not constitute services, wares, goods, or another thing of value, as contemplated by the statute, and dismissed the information. We reverse.
The undisputed facts reveal that on September 14, 1992, the appellee uttered a worthless check for $234 and delivered it to Fifth Avenue Insurance Agency to renew his automobile insurance. The cheek amount was identical to the premium for six months’ insurance coverage. The carrier issued the policy upon receipt of the check and can-celled it when the check was returned for insufficient funds.
We conclude that the insurance policy was a thing of value as defined in the statute because it conferred the right to be indemnified in the event of an accident. Coverage took effect upon receipt of the check. It remained in force until the cheek proved *152 worthless and the appellee had declined the opportunity to keep the policy in force by paying the premium in cash.
We have previously held that tangible evidence of an intangible property right is a thing of value. In McCormick v. State, 161 So.2d 696 (Fla. 2d DCA 1964), we were asked to determine whether a worthless check redeemed by the tendering of another worthless check was a thing of value. We concluded that the check was a thing of value because it was evidence of a debt which could not be redeemed without payment of consideration.
We therefore hold that the insurance policy is a thing of value as contemplated in section 832.05(4)(a) and (c), Florida Statutes (1991).
Reversed.
SCHOONOVER, A.C.J., and BLUE, J., concur.

. Fla.R.Crim.P. 3.190(c)(4).